15-3550
Xie v. Lynch

BIA
Segal, IJ
A205 027 476

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of November, two thousand sixteen.

PRESENT:
        GUIDO CALABRESI,
        JOSÉ A. CABRANES,
        GERARD E. LYNCH,
            *Circuit Judges.*
_____

YUNFENG XIE,
        *Petitioner,*

        v.                                        15-3550
                                                  NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Khaghendra   Gharti-Chhetry,   New
                         York, N.Y.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Edward
                         E.  Wiggers,  Senior  Litigation
                         Counsel; Matthew A. Connelly, Trial
                         Attorney, Office of Immigration
                         Litigation,      United     States
                         Department of Justice, Washington,
                         D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yunfeng Xie, a native and citizen of the People's Republic of China, seeks review of an October 6, 2015, decision of the BIA, affirming a January 9, 2014, decision of an Immigration Judge ("IJ") denying Xie's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yunfeng Xie,* No. A205 027 476 (B.I.A. Oct. 6, 2015), *aff'g* No. A205 027 476 (Immig. Ct. N.Y. City Jan. 9, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions. *Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications like Xie's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," and

2

inconsistencies in his statements, "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. As discussed below, the adverse credibility determination rests on substantial evidence. *Id.* at 165.

The agency reasonably rested its credibility determination on inconsistencies concerning the day of the month Xie was supposed to pay the police protection fee, an event central to his claim of persecution. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167; *see also Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that material inconsistency related to example of alleged persecution is substantial evidence). Xie testified that the fee was due on the 28th of each month. When confronted with the collection notice in the record reflecting that the fee was due on the 5th of each month, Xie responded, "Well, I forgot. It was a long time ago." The IJ was not required to credit Xie's explanation that his memory had faded given that the fee was pivotal to his

claim. "A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be compelled to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (quotation marks omitted).

The agency also reasonably relied on inconsistencies concerning the date Xie's wife paid the fine to secure his release from custody. *Xiu Xia Lin*, 534 F.3d at 167. Xie testified that he was first arrested in January 2010, and that his wife paid 8,000 yuan for his release. On cross examination, however, Xie testified that his wife paid the fine two years earlier, in January 2008. He then confirmed that 2008 was the correct date. When confronted with the fine receipt dated January 8, 2010, Xie said that his testimony was wrong, and asserted that the "back and forth" questioning confused him. Xie's explanation on appeal—that he "clearly testified that the fine was paid after his first arrest"—does not account for the inconsistent dates he provided regarding that arrest. *See Majidi*, 430 F.3d at 80.

The adverse credibility determination is further supported by inconsistencies concerning the date Xie received medical treatment. *Xiu Xia Lin*, 534 F.3d at 167. Xie's testimony on

4

this point again called into question his first arrest. He testified that he received medical treatment in January 2008, following his first arrest. When asked whether he sought medical treatment in January 2010 (which, according to his application and previous testimony, was the actual date of his first arrest), the record reflects a long pause. Xie then corrected himself and stated that he sought medical treatment in January 2010. Xie again professed confusion based on the "back and forth" questioning. The IJ was not required to credit this explanation because it does not explain why Xie could not remember when events occurred. *See Majidi*, 430 F.3d at 80.

Given the multiple inconsistencies concerning matters central to Xie's claim of persecution, it cannot be said "that no reasonable fact-finder could make such a credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. That finding is dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5